**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JUAN C RIOS, | Case No. 2:17–cv–03074–RFB–BNW |
| Plaintiff, | **ORDER** |
| v. | |
| JOSEPH LOMBARDO, *et al.*, | |
| Defendants. | |

Before the Court is Defendant Joseph Lombardo's Motion to Reconsider (ECF No. 79) the Court's September 28, 2023, Order denying Defendant Lombardo's prior Motion to Dismiss. For the reasons stated below the motion is denied.

## I.   FACTUAL ALLEGATIONS

The following allegations are taken from the Second Amended Complaint. On September 30, 2015, Plaintiff Juan Rios was arrested and detained at the Clark County Detention Center ("CCDC") pending trial. Shortly before, Mr. Rios cut the tendons on his ring and pinky finger on his left hand. The fingers bent upward and were obviously disfigured. One week after entering CCDC, medical staff x-rayed his fingers, which showed they were badly broken. Mr. Rios requested medical care to repair his injured fingers while at CCDC. However, medical staff told Mr. Rios he could receive care once he was transferred to High Desert State Prison ("HDSP") and provided pain pills. Mr. Rios was incarcerated at CCDC pending trial for approximately seventeen months before he was transferred to a prison. At present, his injured fingers are not functional. They are paralyzed and disfigured. Had Mr. Rios received timely and appropriate medical attention, these fingers would have retained their functionality. Since, Mr. Rios has been released from prison. Mr. Rios has significant mental health concerns, including auditory hallucinations.

## II.   PROCEEDURAL HISTORY

Acting *pro se*, Mr. Rios filed initiating documents, including a Complaint, on December 15, 2017. ECF No. 1. On September 26, 2018, the Court screened the Complaint and permitted a deliberate medical indifference claim to proceed against Defendant Romeo Aranas. ECF No. 15. The Nevada Attorney General accepted service on behalf of Aranas on September 5, 2019. On March 12, 2019, *pro bono* counsel was appointed. ECF No. 18. On June 8, 2020, the Aranas moved for summary judgement. ECF 36. Following briefing and hearing, on March 3, 2021, the Court dismissed Aranas and granted Plaintiff leave to amend the Complaint to add the Las Vegas Metropolitan Police Department ("LVMPD") or other defendants. ECF Nos. 45, 46, 48.

On March 24, 2021, Plaintiff filed his First Amended Complaint ("FAC"), naming CCDC as a defendant. ECF No. 49. On June 25, Plaintiff sought leave to amend the FAC to name the Clark County Sheriff as the party operating CCDC in lieu of CCDC itself. ECF No. 58. On August 30, 2022, the Court granted leave to amend. ECF No. 59. On September 30, 2022, Plaintiff filed his Second Amended Complaint ("SAC") naming the Clark County Sheriff Joseph Lombardo as the sole named defendant. ECF No. 62. The SAC brings a single complaint for denial of adequate medical care against Defendant Lombardo. Id. On October 27, 2022, the summons was returned executed regarding Defendant. ECF No. 64. On November 10, 2022, Defendant filed the instant Motion to Dismiss the SAC. ECF No. 66.  On November 25, 2022, Plaintiff Responded. ECF No. 68. Defendant filed a Reply on December 2, 2022. ECF No. 69. On January 25, 2023, the Court stayed discovery pending the outcome of the Motion to Dismiss. ECF No. 71.

On September 28, 2023, the Court denied Defendant's Motion to without prejudice. ECF No. 72. On October 17, 2023, Defendant filed the instant Motion for Reconsideration. ECF No. 79. The motion was fully briefed. ECF Nos. 80, 83. The Court's Order follows.

## III.   LEGAL STANDARD

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks

& Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001). The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.' Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances[.]" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

## IV.    DISCUSSION

The Court now turns to the merits of the Motion for Reconsideration. Defendant Lombardo requests the Court reconsider is prior denial of his Motion to Dismiss. He argues the Court erred in holding that "relation back" under Federal Rule of Civil Procedure 15(c)(1)(C) made Plaintiff's SAC timely against Defendant Lombardo. Mr. Rios argues that the Court rightly determined that extraordinary circumstances justified equitable tolling. For the following reasons, the Court agrees with Mr. Rios and affirms its prior Order.

### A.  The Statute of Limitations

The Parties agree the Court's prior order rightly determined that a two-year statute of limitations applies here. "The statute of limitations applicable to an action pursuant to 42 U.S.C. §

1983 is the personal injury statute of limitations of the state in which the cause of action arose."
<u>Alameda Books, Inc. v. City of L.A.</u>, 631 F.3d 1031, 1041 (9th Cir. 2011). The applicable Nevada
statute of limitations is two years. <u>See</u> <u>Rosales-Martinez v. Palmer</u>, 753 F.3d 890, 895 (9th Cir.
2014) (citing Nev. Rev. Stat. § 11.190(4)(e)). The Court applies this statute of limitations here.

### B.  The Accrual Date

Next, the Court must determine from what date that two years began to run. Again, the
Parties agree that the statute of limitations period accrues when a party "knows or has reason to
know of the injury." <u>Golden Gate Hotel Ass'n v. City and Cty. of S.F.</u>, 18 F.3d 1482, 1486 (9th
Cir. 1994). Based on the allegations, the Court finds that two-year statute of limitations began to
run the first week of October 2015—when the medical personnel allegedly diagnosed Plaintiff's
injures and informed him that he would not be treated until he was transferred post sentencing.
Therefore, the statute of limitations on Plaintiff's claim against Defendant would have naturally
lapsed in October 2017.

### C.  Relation Back and Effect of Equitable Tolling

The Court now reviews the relevant doctrines at play. The "relation back" doctrine allows
a party to relate an amendment of the original complaint back to the date of the original pleading
for the purpose of statutes of limitations. <u>See</u> Fed. R. Civ. P. 15(c), Nev. R. Civ. P. 15(c), <u>see also</u>
<u>Goodman v. United States</u>, 298 F.3d 1048, 1053 (9th Cir. 2002), <u>Costello v. Casler</u>, 254 P.3d 631
(Nev. 2011). Relevant here, an out-of-time amended complaint that names a new defendant can
relate that defendant back to a timely complaint. <u>Krupski v. Costa Crociere S. p. A.</u>, 560 U.S. 538,
548 (2010). Importantly, Courts can also use their equitable power regarding statutes of limitations
for various reasons. State law also governs the application of tolling doctrines when not
inconsistent with federal law. <u>See</u> <u>Hardin v. Straub</u>, 490 U.S. 536, 537-39 (1989). Nevada
recognizes equitable defenses of waiver, estoppel, and tolling for statutes of limitations. <u>City of N.</u>
<u>Las Vegas v. State Local Gov't Bd.</u>, 261 P.3d 1071, 1077 (Nev. 2011). Here, the doctrine of
equitable tolling is potentially applicable to Mr. Rios.

For his claim against Defendant Lombardo to survive, Mr. Rios must establish a
combination of equitable tolling and relation back. Before turning to that analysis, the Court briefly

reviews the salient dates here:

- **October 2015** – Mr. Rios' claim accrues.
- **October 2017** – The statute of limitations naturally runs.
- **December 15, 2017** – Mr. Rios files the original complaint. Defendants G. Bryan, NDOC,[1] Brian Williams, Romeo Aranas, and HDSP Medical Director.
- **September 26, 2018** – The Court's Screening Order permits a deliberate medical indifference claim to proceed against Aranas.
- **March 12, 2019** – *Pro bono* counsel appears for Mr. Rios.
- **March 24, 2021** – Mr. Rios files the FAC. CCDC itself is the sole named defendant.
- **September 30, 2022** – Mr. Rios files the SAC. Defendant Lombardo is named for the first time as the sole named defendant.

As a threshold matter, the Court has already determined, and the Parties do not dispute here, that equitable tolling extended the statute of limitations from October 2017 to at least December 15, 2017. In Nevada, courts should consider "the diligence of the claimant" and "the claimant's knowledge of the relevant facts" in addition to "any other equitable considerations appropriate in the particular case." <u>Copeland v. Desert Inn Hotel</u>, 673 P.2d 490, 492 (Nev. 1983). Here, during the relevant times, Plaintiff was incarcerated (and then without housing), spoke little English, suffered from a physical disability (incapacity of his left hand), and suffered from serious mental health issues. Therefore, the Court affirms its earlier finding that equitable tolling extends the statute of limitations to at least the filing of the original Complaint.

With that established, the Court reaches the crux of the Parties' dispute. Mr. Rios' claim has three pathways forward: (1) the SAC relates back to the original complaint; (2) the SAC relates back to the FAC, which survives from equitable tolling; or (3) the statute of limitations was tolled to the filing of the SAC. Defendant Lombardo argues that the Court erred by applying the relation back standard to the FAC rather than the original Complaint, and therefore Mr. Rios' claim against him should be time barred. Defendant further argues that equitable tolling extended only to the original Complaint and cannot be brought to the FAC, therefore barring the SAC under the relation back standard of Fed. R. Civ. P. 15. Plaintiff argues that the Court applied the correct standard by equitably tolling the original Complaint up to March 2021, when the FAC was filed, by finding that tolling was available "to at least" the initiation of this lawsuit in December 2017.

---

[1] Assumably referring to the Nevada Department of Corrections.

1    The Court next considers the impact of these doctrines here anew to determine if the
2    Court's prior Order was affected by an error of law or fact.

3    Equitable tolling "a court's discretionary extension of a legal deadline as a result of
4    extraordinary circumstances that prevented one from complying despite reasonable diligence
5    throughout the period before the deadline passed." Equitable Tolling, Black's Law Dictionary
6    (12th ed. 2024). Nevada recognizes equitable tolling. See Fausto v. Sanchez-Florez, 482 P.3d 677,
7    680 (Nev. 2021) (summarizing the doctrine). It applies the Ninth Circuit's definition of equitable
8    tolling, "focus[ing] on 'whether there was excusable delay by the plaintiff: If a reasonable plaintiff
9    would not have known of the existence of a possible claim within the limitations period, then
10   equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can
11   gather what information he needs.'" City of N. Las Vegas, 261 P.3d at 1077 (quoting Lukovsky v.
12   City & Cnty. of S.F., 535 F.3d 1044, 1051 (9th Cir. 2008)).

13   The Court finds that the same serious, equitable considerations continued to apply with
14   equal force after the original complaint was filed. Mr. Rios was itinerant, impoverished, affected
15   by mental and physical handicaps, lacked any form of community in Las Vegas, and he spoke,
16   wrote, and comprehended very limited English. Indeed, these very issues led the Court to refer the
17   program to this District's pro bono pilot program for the appointment of Spanish-speaking counsel.
18   The Court finds that the March 12, 2019, appearance of attorney Ryan Hamilton as pro bono
19   counsel for Mr. Rios somewhat alters the equitable calculus. Nevertheless, for the following
20   reasons, the Court finds that further extending equitable tolling to the FAC is appropriate.

21   First, Mr. Ryan has represented to the Court, and it is documented in the record, that Mr.
22   Hamilton continued to have serious issues communicating with Mr. Rios. Second, the delay that
23   Defendant now complaints of here was created by CCDC employees. The Court must liberally
24   construe pro se pleadings, Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
25   Based upon Rios' original allegations, the Court finds the original Complaints emphasis on NDOC
26   is the result of CCDC personnel suggesting that care had to come from the NDOC and not
27   CCDC—a complete misstatement of the facts and the law. Rios has never changed his allegations
28   that he should have received care for his fingers from the moment he was detained at CCDC. He

was simply confused as a *pro se* litigant as to who was responsible for his care. He was improperly led to believe by CCDC staff that the NDOC entity was the only entity that was and could be held responsible. Moreover, he could not have known as a pro se litigant the legal distinction between the entities when both were charged with his incarceration and cooperating. Again, his allegations of needing treatment from the beginning have never changed.

Thus, the Court finds that his misunderstanding in identifying the proper entity responsible for his care from the beginning arose from misinformation that he received from CCDC personnel. The Court further finds that it would be inequitable to allow for a misunderstanding created by one party's conduct to create the basis for that party to be dismissed from the case. Based upon these equitable considerations and the reasons previously stated for equitable tolling, finds that equitable tolling extends forward to both the FAC and the SAC.

Because the Court finds the statute of limitations is equitably tolled to the filing of the SAC, the Court need not consider relation back and affirms its prior Order.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Joseph Lombardo's Motion to Reconsider (ECF No. 79) is **DENIED**.

**DATED:** September 30, 2024.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**